UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES ROBINSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) |
| UNITED STATES, | ) Case No. 4:23-cv-00707-SRC ) |
| Respondent. | ) ) ) |

**Memorandum and Order**

In 2021, a jury found James Robinson guilty of possessing a firearm as a felon, and the Court sentenced him to 120 months of imprisonment. Robinson now asks the Court to vacate his sentence under 28 U.S.C. § 2255, claiming that his appellate counsel ineffectively represented him because counsel did not meaningfully develop an argument on appeal. But Robinson's counsel did what all appeals counsel must do: winnow out arguments and present those most likely to succeed on appeal. Because Robinson has not demonstrated that his appellate counsel was ineffective, the Court holds that Robinson is not entitled to relief under section 2255.

**I.     Statement of facts[1]**

After a jury found Robinson guilty of possessing a firearm as a felon, docs. 1, 94, the United States Probation Office prepared a presentence report that included, among other things, a summary of the relevant facts underlying Robinson's offense, doc. 101. The PSR summarized the relevant facts as follows:

> 6. On November 26, 2019, officers were dispatched for a burglary at 4959 Northland Place in St. Louis, Missouri. The call notes indicated the caller stated a former friend had used his key and stolen items from the caller's house, as well as stole the caller's vehicle and a firearm. Upon arrival, the officers met with the

---

[1] The "doc." citations in this section refer to docket entries in *United States v. Robinson*, 4:20-cr-00023-SRC-1.

caller, victim R.F., who stated he had left his residence for approximately one hour and came home to find his rear basement door ajar. Further inspection of his residence revealed a black semiautomatic firearm missing from his kitchen table. The keys to his 2005 tan Lincoln Towncar were also missing. R.F. advised that an acquaintance, later identified as Robinson, was the only other person with keys to the residence. Robinson had briefly resided at the residence and moved out following a disagreement between R.F. and Robinson. R.F. stated Robinson refused to return his keys and was not welcome at the residence.

7. Later that same day, R.F.'s tan Lincoln Towncar was observed by officers on patrol. The officers attempted to initiate a traffic stop and the vehicle pulled to a curb. As the officers exited the patrol vehicle to approach the Lincoln, the driver of the vehicle drove away. The officers pursued the Lincoln until the Lincoln pulled into the driveway at 4220 Dressell in St. Louis, Missouri. As the officers approached the stopped vehicle, the driver, identified as James Robinson, attempted to exit the vehicle and flee on foot. One of the officers deployed a department-issued Taser and Robinson continued to struggle until he was placed in handcuffs. A search of the vehicle revealed a handgun located on the driver's side floorboard in plain view.

8. According to St. Louis, Missouri Metropolitan Police Department firearms laboratory reports, the firearm possessed by Robinson was determined to be a HS Produkt make, XDM-40 model, .40 caliber, semi-automatic pistol. The seized firearm was analyzed by an expert firearms examiner. It was test-fired and deemed operable. The firearm had traveled in interstate commerce prior to the defendant's possession. It was determined the firearm was stolen. Investigation further revealed Robinson had a prior felony conviction punishable by a term of imprisonment exceeding one year.

Doc. 101 at ¶¶ 6–10 (emphases removed).

## II.  Procedural history

### A.  Criminal proceedings[2]

In January 2020, a federal grand jury returned a one-count indictment against Robinson, charging him with "knowingly possess[ing] a firearm" that "previously traveled in interstate or foreign commerce during or prior to being in [Robinson's] possession," in violation of 18 U.S.C. § 922(g)(1). Doc. 1. The case proceeded to trial, at which the jury found Robinson guilty. Doc. 94. The Probation Office then prepared the PSR, in which it calculated Robinson's total

---

[2] The "doc." citations in this section refer to docket entries in *United States v. Robinson*, 4:20-cr-00023-SRC-1.

2

offense level as 26 and his criminal history category as VI.  Doc. 101 at ¶ 69.  Under the federal guidelines, Robinson's total offense level and criminal-history category rendered him eligible for an imprisonment range of 120 months to 150 months.  *Id.*  By statute, however, the maximum term of imprisonment was 120 months.  *Id.* at ¶¶ 68–69; 18 U.S.C. § 924(a)(2) (2018).  At the sentencing hearing, the Court denied Robinson's pro-se objections to the presentence report and adopted its contents without change.  Docs. 105.  The Court then sentenced Robinson to 120 months of imprisonment followed by a term of three years of supervised release.  Doc. 106 at 2–3.[3]  Robinson appealed his sentence, and the Eighth Circuit affirmed.  Doc. 124.

### B.    Civil proceedings[4]

In May 2023, Robinson timely filed a motion to vacate, set aside, or correct his sentence under section 2255.  Doc. 1.  After the United States filed its response, doc. 10, Robinson moved for leave to file an amended petition, doc. 21.  The proposed amended petition raises three ineffective-assistance-of-appellate-counsel claims:  (1) appellate counsel did not meaningfully develop or argue Robinson's Fifth-Amendment-due-process claim regarding identification of the accused at trial; (2) appellate counsel failed to raise an insufficiency-of-the-evidence claim; and (3) appellate counsel failed to raise a prosecutorial-misconduct claim.  *See* doc. 21-1.  The Court ordered the United States to respond to Robinson's motion for leave to file the amended petition, doc. 22, and the United States did so, doc. 26.  The Court construed the United States' response as both a response to Robinson's motion and an answer to the amended petition and accordingly allowed Robinson to file a reply to the United States' response/answer.  Doc. 27.  Robinson did so.  Doc. 33.  In his reply, Robinson withdrew two of the three claims he asserted in the proposed

---

[3] The Court cites to page numbers as assigned by CM/ECF.
[4] The "doc." citations in this section and the remainder of this order refer to docket entries in this case—*Robinson v. United States*, 4:23-cv-00707-SRC—unless otherwise noted.

amended petition.  *Id.* at 1.  Thus, Robinson's proposed amended petition asserts only an ineffective-assistance-of-appellate-counsel claim for failure to meaningfully develop or argue Robinson's Fifth-Amendment-due-process claim regarding misidentification.  *See id.*; doc. 21-1.

### III.    Standard of review

Under section 2255, a federal prisoner "may move the court which imposed [his] sentence to vacate, set aside or correct the sentence" on the grounds that the court imposed "the sentence . . . in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  If a petitioner claims his sentence violates the Constitution or laws of the United States, the petitioner must establish that the violation constitutes "a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (first quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989); and then citing Fed. R. Crim. P. 32(d) advisory committee notes to the 1983 amendments).  Generally, to obtain section 2255 relief based on a claim, a petitioner must have raised the underlying error on direct appeal.  *See Roundtree v. United States*, 885 F.3d 1095, 1097 (8th Cir. 2018).  If a petitioner failed to do so, the Court considers the claim procedurally defaulted, rendering it ineffective in establishing a right to section 2255 relief.  *See id.*

Three exceptions to this general rule exist.  First, "if the error is jurisdictional, the error may be raised on collateral review without being subjected to procedural default analysis." *United States v. Mooring*, 287 F.3d 725, 727 (8th Cir. 2002).  Second, if a petitioner raises a constitutional claim, the Court does not consider the claim procedurally defaulted if the petitioner shows cause for the default and actual prejudice.  *See Anderson v. United States*, 25

4

F.3d 704, 706 (8th Cir. 1994); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992). This "cause and prejudice exception does not apply to nonconstitutional or nonjurisdictional claims that could have been but were not raised on direct appeal." *Anderson*, 25 F.3d at 706 (first citing *Brennan v. United States*, 867 F.2d 111, 120 (2d Cir. 1989); and then citing *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988)). Finally, the Court "will consider a claimed error that could have been raised at trial or on direct appeal if the alleged error was a fundamental miscarriage of justice." *Id.* (citing *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam)). This exception, however, "applies only when a petitioner shows by clear and convincing evidence that, but for an alleged constitutional error, no reasonable juror would have found the petitioner guilty," *id.* at 706–07 (citing *Wallace v. Lockhart*, 12 F.3d 823, 827 (8th Cir. 1994)), and extends only to claims of factual innocence, *id.* at 707 (first citing *Narcisse v. Dahm*, 9 F.3d 38, 40 (8th Cir. 1993); and then citing *Ramey*, 8 F.3d at 1314).

If the petitioner's claims are not procedurally barred, the Court must hold an evidentiary hearing to consider the claims "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). A petitioner is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the petitioner] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). However, a court may dismiss a claim without a hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220–21 (8th Cir. 1990)).

5

**IV.    Discussion**

Below, the Court first considers Robinson's motion for leave to file an amended section 2255 motion. The Court then considers the merits of Robinson's motion to vacate, set aside, or correct his sentence.

**A.    Motion for leave to file an amended section 2255 motion**

Robinson filed a motion for leave to file an amended petition that raises three grounds for relief, docs. 21, 21-1, but later withdrew two of the three grounds, doc. 33 at 1. Accordingly, Robinson seeks leave to file an amended petition that raises only one claim: ineffective-assistance-of-appellate-counsel for failure to meaningfully develop Robinson's Fifth-Amendment-due-process claim regarding identification of the accused at trial. *See* doc. 33 at 1; doc. 21-1.

Generally, section 2255(f) imposes a one-year period of limitation for filing a motion to vacate, set aside, or correct a sentence. That limitation period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* If a petitioner does not file his motion or an amended motion within those time periods, the Court considers the motion or amended motion untimely filed.

The Court, however, will consider an untimely filed amended claim timely filed if it relates back to the original motion. Fed. R. Civ. P. 15(c). To relate back to the original motion,

6

a claim must arise out of the same conduct, transaction, or occurrence as the claims raised in the original motion.  *See* Fed. R. Civ. P. 15(c)(1)(B); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999).  "'To arise out of the same conduct, transaction, or occurrence, the claims must be "tied to a common core of operative facts."'"  *Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015) (quoting *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010)).  In the section 2255 context, "it is not enough that both an original motion and an amended motion allege ineffective assistance of counsel."  *Dodd*, 614 F.3d at 515 (citing *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005)).  "The allegations of ineffective assistance 'must be of the same "time and type" as those in the original motion, such that they arise from the same core set of operative facts.'"  *Id.* (quoting *United States v. Hernandez*, 436 F.3d 851, 857 (8th Cir. 2006)).  This means that claims do not relate back to the original motion if the petitioner bases them "on distinct types of attorney error."  *Smith v. Buckner*, Case No. 1:18-cv-00220-RLW, 2021 WL 876906, at *10 (E.D. Mo. Mar. 9, 2021) (citing *Dodd*, 614 F.3d at 515).

     Here, the United States does not object to Robinson filing an amended motion that asserts his ineffective-assistance-of-appellate-counsel claim for failure to meaningfully develop his Fifth-Amendment-due-process claim regarding identification of the accused at trial.  *See* doc. 26 at 5.  This is so because the United States agrees that this claim relates back to Robinson's original motion.  Doc. 26 at 5.  Having considered Robinson's original motion, doc. 1, and his proposed amended motion, doc. 22-1, the Court agrees.  Accordingly, the Court grants Robinson's [21] Motion for Leave to File an Amended § 2255 Petition.  In accordance with Robinson's withdrawal of grounds two and three, the Court strikes those grounds from his amended motion, doc. 21-1.  Further, the Court denies Robinson's original [1] Motion to Vacate, Set Aside, or Correct Sentence as moot in the light of the amended section 2255 motion.  *See*

*Schlafly v. Eagle Forum*, 970 F.3d 924, 933 (8th Cir. 2020) ("[A]n amended complaint supersedes an original complaint and renders the original complaint without legal effect." (quoting *Acuity v. Rex*, 929 F.3d 995, 999 (8th Cir. 2019))).

B. **Merits of Robinson's amended section 2255 motion**

Robinson's sole claim in his amended petition argues that his appellate counsel was ineffective because counsel failed to meaningfully develop Robinson's Fifth-Amendment-due-process claim regarding identification of the accused at trial. *See* doc. 21-1 at 4. The United States disagrees, arguing that courts in "the Eight [sic] Circuit assume 'appellate counsel's failure to raise a claim was an exercise of sound appellate strategy' absent evidence to the contrary," doc. 26 at 6 (quoting doc. 10 at 8, 12, 13), and that counsel reasonably declined to pursue Robinson's claim on appeal because the claim lacked merit, *id.* at 5–6; doc. 10 at 12 & n.11. The Court agrees with the United States.

To establish ineffective assistance of counsel, a petitioner "faces a heavy burden." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). He must show both that his counsel's performance was deficient and that the deficient performance prejudiced the petitioner's case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Sera*, 267 F.3d 872, 874 (8th Cir. 2001). An attorney's performance is deficient only if it falls "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88; *see also Sera*, 267 F.3d at 874. Two substantial impediments exist to making such a showing. First, "a 'strong presumption'" exists "that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 689).

8

Second, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* (quoting *Strickland*, 466 U.S. at 690).

Robinson has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). On appeal, Robinson's counsel raised a claim that the United States failed to prove the identity of the accused at trial because one witness was unable to identify him in court. *See United States v. Robinson*, 2021 WL 5066531, at *9–11 (8th Cir. 2021). Although his appellate counsel "fail[ed] to 'meaningfully develop or argue'" the claim, doc. 124 at 6 (quoting *United States v. Ruzicka*, 988 F.3d 997, 1006 (8th Cir. 2021)),[5] Robinson has not pointed to anything suggesting that appellate counsel's decision not to develop the argument was unreasonable.

Moreover, Robinson has failed to demonstrate that he was prejudiced by appellate counsel's failure to raise his identification-of-the-accused argument. Robinson's appellate counsel did what all appellate counsel must do: sort through arguments that an appellant can raise on appeal and determine which claims are most likely to result in success on appeal. Robinson's identification-of the-accused argument, however, was unlikely to succeed on appeal: two witnesses unequivocally identified Robinson during trial, and one said that Robinson appeared to be the man sitting at the defense table. Doc. 115 at 242; doc. 116 at 29, 776–77.[6]

Accordingly, "[a]bsent contrary evidence, [the Court] conclude[s] that appellate counsel was exercising sound appellate strategy in the 'process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail." *Sidebottom v. Delo*, 46 F.3d 744, 759 (8th Cir. 1995) (quoting *Smith v. Murray*, 477 U.S. 527, 536 (1986)). "[F]ar from being evidence of incompetence, [this] is the hallmark of effective appellate advocacy." *Smith*, 477 U.S. at 536

---

[5] This "doc." citation refers to a docket entry in *United States v. Robinson*, 4:20-cr-00023-SRC-1.
[6] These "doc." citations refer to docket entries in *United States v. Robinson*, 4:20-cr-00023-SRC-1.

(citing *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)).  The Court therefore holds that Robinson failed to establish that his appellate counsel was ineffective.

## V.     Conclusion

Accordingly, the Court grants Robinson's [21] Motion for Leave to File an Amended § 2255 Petition.  In accordance with Robinson's withdrawal of grounds two and three, the Court strikes grounds two and three from the amended petition.  Further, the Court finds that the record conclusively establishes that Robinson is not entitled to relief.  The Court denies Robinson's [21-1] Amended Motion to Vacate, Set Aside, or Correct Sentence.  A separate Order of Dismissal accompanies this Memorandum and Order.

## VI.    Certificate of appealability

For the Court to issue a certificate of appealability, Robinson must make a substantial showing that he suffered the denial of a constitutional right.  *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  A substantial showing is one indicating that reasonable jurists could debate the issues, a court could resolve the issues differently, or the issues deserve further proceedings. *Id.*  But as described in the discussion above, Robinson has not made such a showing. Accordingly, the Court declines to issue a certificate of appealability in this case.

So ordered this 30th day of April 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE